| | |
|---|---|
| ERIC L. COX, and ) | |
| MARIA D. COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:19-cv-00079 |
| ) | |
| ) | |
| ) | |
| WESTGATE RESORTS, LTD, LP AKA ) | |
| WESTGATE RESORTS, LTD, ) | |
| WESTGATE RESORTS, INC., ) | |
| WESTGATE SMOKY MOUNTAIN ) | |
| RESORT AT GATLINBURG OWNERS ) | |
| ASSOCIATION, INC., and MIKE LEWIS, ) | |
| GLENN BROWN, and SHEILA RENE ) | |
| LAMB, ) | |
| ) | |
| Defendants. | |

### BRIEF IN SUPPORT OF WESTGATE RESORTS, LTD., LP a/k/a WESTGATE RESORTS, LTD., WESTGATE RESORTS, INC., AND WESTGATE SMOKY MOUNTAIN RESORT AT GATLINBURG OWNERS ASSOCIATION, INC.'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

COME the Defendants, Westgate Resorts, Ltd., LP a/k/a Westgate Resorts, Ltd., ("Westgate Resorts, Ltd."), Westgate Resorts, Inc. ("WRI"), and Westgate Smoky Mountain Resort at Gatlinburg Owners Association, Inc. ("GOA") (collectively referred to as "Defendants"), by and through counsel, and pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(6) and 28 U.S.C. § 1404(a), respectfully submit this Brief in Support of Their Motion to Dismiss the Complaint or, in the Alternative, Motion to Transfer Venue ("Defendants'

Motion").[1]

## I. INTRODUCTION AND FACTS

On December 24, 2018, Plaintiffs filed a Complaint in the Chancery Court for Sevier County, Tennessee bearing Case No. 18-12-308 (the "Complaint"). On February 28, 2019, a copy of the Complaint and Summons was served upon Westgate Resorts, Ltd., WRI, and GOA. On March 8, 2019, Westgate Resorts, Ltd. removed the case to this Court, and WRI and GOA consented in the removal. (*See* Notice of Removal [Doc. 1]) (a copy of the Complaint is included in Collective Exhibit 1 to the Notice of Removal).

Plaintiff's Complaint attempts to assert the following causes of action: (I) Violation of the Tennessee Time-Share Act, Tenn. Code Ann. §§ 66-32-101, *et seq*. (the "Time-Share Act"); (II) Fraud – Intentional Misrepresentation/Fraud in the Inducement; (III) Misrepresentation by Concealment; (IV) Negligent Misrepresentation; (V) Unconscionability; (VI) Breach of Contract; and (VII) Civil Conspiracy (*See* Complaint, Causes of Action). The factual averments that purport to support these causes of action arise from Plaintiffs' purchase of a timeshare interest from Westgate Resorts, Ltd. on December 28, 2014, including alleged conduct during the sales presentation Plaintiffs attended on the same date and alleged deficiencies in the Contract for Purchase and Sale between Plaintiffs and Westgate Resorts, Ltd.[2] (Compl.¶¶ 26-51).

---

[1] WRI is making a special appearance for the purpose of challenging this Court's personal jurisdiction. As of the filing of Defendants' Motion to Dismiss, neither Mike Lewis, Glenn Brown, nor Sheila Rene Lamb has been properly served with process.

[2] A true and correct copy of the December 28, 2014 Contract for Purchase and Sale between Plaintiffs and Westgate Resorts, Ltd. is attached as Exhibit A to the Declaration of John Willman, which is attached to Defendants' Motion as **Exhibit 1**.

The Complaint does not allege sufficient facts to support a finding that this Court can exercise personal jurisdiction over WRI. Indeed, WRI is now and was at the time of the filing of the Complaint, a corporation incorporated under the laws of the State of Florida, with its principal place of business located at 5601 Windhover Drive, Orlando, Florida 32819-7936. (Declaration of Willman, Exhibit 1 to Defendants' Motion, ¶ 6). WRI's corporate offices are located at the 5601 Windhover Drive location, which is where the activities of the corporation are directed and controlled. *Id.* WRI's principal place of business, its headquarters, and the location where its officers direct, control, and coordinate the corporation's activities (including meetings) are in Florida. In addition, the executive and the administrative functions, including policy and planning, are performed in Florida. *Id.* The policies and procedures integral to WRI's business operations are reviewed and vetted in Florida. *Id*. WRI does not have any offices in Tennessee, does not own or lease property in Tennessee, and does not own or operate timeshare developments in any location. *Id*. at ¶ 7. As such, WRI has no contacts with Tennessee, other than as the general partner of Westgate Resorts, Ltd. *Id*.

The Complaint also fails to plead any grounds for relief against GOA and, indeed, omits any allegations of wrongdoing against this Defendant. GOA is a non-profit corporation organized under the laws of the State of Tennessee with its principal place of business located at 5601 Windhover Drive, Orlando, Florida 32819-7936. (Declaration of Willman, Exhibit 1 to Defendants' Motion, ¶ 8). Neither GOA nor its employees or agents are involved in the sale of timeshare interest. *Id*. As such, neither GOA nor its employees or agents had any involvement in the sale of the timeshare interest at issue in the Complaint to Plaintiffs, and GOA is not a party to the Contract for Purchase and Sale. (*Id*.; *see also* Contract for Purchase and Sale, Exhibit A to

3

Willman Declaration).

Lastly, the Complaint should be dismissed because the parties contractually agreed to litigate this dispute in the State of Florida. Indeed, the forum-selection clause contained in the Contract for Purchase and Sale unambiguously provides that:

> Purchaser (a) ***hereby irrevocably submits itself to the exclusive process, jurisdiction and venue of the courts of the State of Florida***, Orange County, and to the exclusive process, jurisdiction and venue of the ***United States District Court for the Middle District of Florida***, for the purposes of suit, action or other proceedings arising out of, in connection with or in any way relating to this Agreement or the subject matter hereof; (b) agrees that suit, action or other proceedings arising out of, in connection with or in any way relating to this Agreement or the subject matter hereof that Purchaser may bring, file or initiate shall be brought, filed or initiated only and exclusively in such courts and in no other court; (c) if Seller initiates such action, Purchaser irrevocably submits itself to the process, jurisdiction and venue of any court in which Seller shall initiate such action and the choice of such venue shall in all instances be at Seller's election; and (d) without limiting the generality of the foregoing, hereby waives and agrees not to assert by way of motion, defense or otherwise in any such suit, action or proceeding any claim that Purchaser is not personally subject to the jurisdiction of the above-named courts, that such suit, action or proceeding is brought in an inconvenient forum or that the venue of such suit, action or proceeding is improper. Purchaser hereby waives the right to collaterally attack any judgment or action in any other forum.

(Contract for Purchase and Sale, ¶ 23.b.)(emphasis added). Based upon the forum-selection clause, Plaintiffs' claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, transferred to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1404(a).

## II. LAW AND ARGUMENT

### A. Standard of Review.

To state a claim upon which relief can be granted a plaintiff must meet the pleading requirements of Fed. R. Civ. P. 8(a). *City of Morristown v. AT&T Corp.*, 206 F. Supp. 3d 1321, 1326 (E.D. Tenn. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must also contain "'either direct or inferential allegations with respect to all the material elements of the claim.'" *Feil v. Bank of Am., N.A.*, No. 2:12-CV-47, 2013 WL 1619509, *2, (E.D. Tenn. Apr. 11, 2013) (quoting *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003)). A complaint that suggests the mere possibility of misconduct cannot state a claim as a matter of law. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (to survive a motion to dismiss under Rule 12(b)(6), the allegations in the complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show ***entitlement*** to relief.") (emphasis supplied).

When "a document is ***referred*** to in the pleadings and is ***integral*** to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007)(emphasis added).[3] Further, when a written instrument upon which a claim is founded

---

[3] *See also Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (acknowledging that the court "may consider the Complaint and any exhibits attached thereto,

5

4304544.1

contradicts allegations in the complaint, "'the exhibit trumps the allegations.'" *Creelgroup, Inc. v. NGS Am., Inc.,* 518 Fed. App'x 343, 347 (6th Cir. 2013) (quoting *Williams v. CitiMortgage, Inc.,* 498 Fed. App'x 532, 536 (6th Cir. 2012)).

Here, the Contract for Purchase and Sale upon which Plaintiffs' claims are founded is not attached to the Complaint. The document is, however, "referred to in the pleadings" and "integral" to Plaintiffs' claims. *Illinois Union Ins. Co.*, 508 F.3d at 335-36. This is the very agreement that the Plaintiffs were allegedly fraudulently induced to execute. Compl. ¶ 61. As such, this document, which is attached as Exhibit A to the Declaration of John Willman, Exhibit 1 to Defendants' Motion, should be considered in this Motion to Dismiss as it "trumps" the allegations in the Complaint. *NGS Am., Inc.,* 518 Fed. App'x at 347.

**B.     The Complaint should be dismissed as to WRI, because this Court lacks personal jurisdiction over WRI, and because the Complaint fails to state a claim against WRI upon which relief can be granted.**

General personal jurisdiction may exist "even if the action is unrelated to the defendant's contacts with the state," *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005), and it is generally determined by the defendant's "place of incorporation and principal place of business." *First Comm. Bank, N.A. v. First Tenn. Bank*, N.A. 489 S.W. 3d (Tenn. 2015). Alternatively, general jurisdiction may exist in exceptional cases where a defendant's operations in a particular forum may be "so substantial and of such a nature as to render the corporation at home in that

---

public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein"); *see also Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (citing 5 Charles A.Wright & Arthur R. Miller, *Fed. Practice and Procedure* § 1327, at 762 (2d ed. 1990)) ( "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim"), *overruled on other grounds*, *Swierkiwica v. Sorema, N.A.*, 534 U.S. 506 (2002).

State." *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014); *First Comm. Bank*, 489 S.W.3d at 385 (noting that a company "that operates in many places can scarcely be deemed at home in all.").

On the other hand, specific jurisdiction exists only "when a defendant has minimum contacts with the forum state and the cause of action arises out of those contacts." *Id*. (citing *Goodyear Dunlap Tires Ops. v. Brown*, 564 U.S. 915 (2011)). A nonresident corporation is "subject to specific personal jurisdiction" only where there is a showing that "sufficient minimum contacts exist." *First Comm. Bank*, 489 S.W. 3d at 388. In *Intera*, the Sixth Circuit Court of Appeals discussed the necessary minimum contacts as follows:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Intera*, 428 F.3d at 615 (quoting *S. Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). Under this constitutional standard, the Court must consider whether WRI "has purposefully targeted Tennessee to the extent that the defendant should reasonably anticipate being haled into court [there]." *First Comm. Bank*, 489 S.W. 3d at 389.

A plaintiff carries the burden of proof on jurisdictional facts and must "'set forth specific facts that support a finding of jurisdiction in order to [overcome a] motion to dismiss.'" *Palnik v. Westlake Entm't, Inc.*, 344 Fed. App'x 249, 251 (6th Cir. 2009) (quoting *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006)). The complaint must "'establish[ ] with reasonable particularity' those specific facts that support jurisdiction." *Id.* (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (additional citations

7

omitted). Boilerplate and conclusory allegations are never sufficient to meet Rule 8's pleading standard. *See Ashcroft*, 556 U.S. at 678; *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011); *Palnik*, 344 Fed. App'x at 251.

In the present case, Plaintiffs have failed to sufficiently allege jurisdictional facts to establish that WRI is subject to personal jurisdiction in Tennessee. As set forth above and in the attached Declaration, WRI does not have sufficient contacts with Tennessee to be subject to personal jurisdiction in Tennessee. (Declaration of Willman, Exhibit 1 to Defendants' Motion, ¶ 6). WRI is the general partner of Westgate Resorts, Ltd., but otherwise has no involvement with the allegations of this case or contacts with Tennessee. *Id.* at ¶¶ 5-7. WRI is not a party to the Contract for Purchase and Sale (Exhibit A to Declaration of Willman), is not the developer of the resort at issue (Complaint, ¶ 3), and its only connection to this lawsuit is the fact that it is the general partner of Westgate Resorts, Ltd. (Declaration of Willman, Exhibit 1 to Defendants' Motion, ¶ 5).

Under Tennessee law, a limited partnership is itself an entity and its general partner may be a separate entity. The general partner is not deemed to be doing business in Tennessee solely because it is the general partner of an entity that transacts business in Tennessee. Tennessee Code Annotated § 61-2-902(3)(b) states that as follows:

> [a] partnership (general or limited) or corporation formed or organized under the laws of any foreign jurisdiction or the laws of any state other than the state of Tennessee ***shall not be deemed to be doing business*** in Tennessee solely by reason of its being a partner in a domestic or registered foreign limited partnership.

(emphasis added). Thus, the contacts Westgate Resorts, Ltd. has with Tennessee are not imputed to WRI, which cannot be subject to personal jurisdiction solely based upon its status as the

8

general partner of Westgate Resorts, Ltd.

Notably, the Complaint does not allege any facts suggesting that WRI has any business operations in Tennessee or that WRI purposefully avails itself of the privilege of acting in Tennessee, much less plead these facts with "reasonable particularity." *See*, *e.g.*, *Neogen Corp.*, 282 F.3d at 887 (stating that plaintiff must establish with "reasonable particularity" sufficient contacts between defendant and "forum state to support jurisdiction"). The only averment in the Complaint that could be construed to address the issue of personal jurisdiction over WRI is woefully inadequate to carry Plaintiffs' burden of establishing such jurisdiction. *See Palnick*, 344 Fed. App'x at 251. Paragraph 13 of the Complaint simply pleads that:

> At all times herein mentioned, Defendants and each of them, were fully informed of the actions of their agents and employees, and thereafter no officer, director or managing agent of Defendants repudiated those actions, which failure to repudiate constituted adoption and approval of said actions and all Defendants and each of them, thereby ratified those actions. There exists and, at all times herein mentioned, there existed a ***unity of interest in ownership between certain Defendants and other certain Defendants*** such that any individuality and separateness between the certain Defendants has ceased and these ***Defendants are the alter ego of the other certain Defendants*** and exerted control over those Defendants. Adherence to the fiction of the separate existence of these certain Defendants as entities distinct from other certain Defendants will permit an abuse of the corporate privilege and would sanction a fraud and/or would promote injustice.

(Complaint, ¶ 13)(emphasis added).[4] This paragraph is the definition of "conclusory" because there are no facts recited to support the averment Plaintiffs are presumably attempting to assert, *i.e.*, that Westgate Resorts, Ltd. and WRI are each other's alter egos. Plaintiffs do not even identify which "certain Defendants and other certain Defendants" share "a unity of interest in

---

[4] Paragraph 14 of the Complaint repeats the allegations set forth in Paragraph 13.

ownership," much less set forth reasonably particular facts supporting the conclusory contention that the corporate structures of these entities should be disregarded for the purpose of determining personal jurisdiction. These conclusory allegations fall woefully short of pleading "specific facts" with "reasonable particularity" that support an exercise of jurisdiction. *Palnik*, 344 Fed. App'x at 251.

The Complaint against WRI should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), because WRI simply does not have sufficient contacts with Tennessee to support an exercise of personal jurisdiction. WRI is a corporation organized under the laws of the State of Florida with its principal place of business located in the State of Florida. The Complaint does not allege any exceptional circumstances that would subject WRI to general personal jurisdiction in Tennessee. Nor does the Complaint allege any contacts between WRI and Tennessee that would subject WRI to specific personal jurisdiction in Tennessee, or specific facts that could support a finding that Westgate Resorts, Ltd. and WRI's corporate structures should be disregarded. Plaintiffs cannot carry their burden of proof on this issue.

The Complaint should also be dismissed against WRI for failure to state a claim upon which relief can be granted. The Complaint does not allege any wrongdoing against WRI. The only allegations of wrongdoing are against the developer of the resort, Westgate Resorts, Ltd., who sold Plaintiffs their timeshare interest. WRI is not the developer (Complaint, ¶¶ 2-3; Declaration of Willman, ¶ 7) and did not sell the timeshare interest to Plaintiffs. (Contract for Purchase and Sale, Exhibit A to Declaration of Willman). Moreover, as discussed above, the only allegations in the Complaint that appear to be alter ego allegations are conclusory and devoid of any factual contentions that could support such a claim. (*See* Complaint, ¶¶ 13-14).

Because the Complaint does not contain any allegations against WRI other than naming the corporation as a defendant, the Complaint should be dismissed against WRI for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).

**C.  The Complaint should be dismissed as to GOA, because the Complaint does not allege any wrongdoing on behalf of GOA, a non-profit corporation.**

The Complaint also fails to plead a claim for any plausible relief against GOA.  *Ashcroft,* 556 U.S. at 678.  It is well settled that "threadbare allegations" do not meet "the Federal Rules' notice-pleading standard." *Bondex Intern., Inc. v. Hartford Acc. & Indem. Co.*, 667 F.3d 669, 681 (6th Cir. 2011).  Rule 8 requires a "short and plain statement of the claim" and fraud cases are subject to a stricter standard requiring plaintiffs to "state with particularity the circumstances constituting the fraud." *See* Fed. R. Civ. P. 8 (a)(1); Fed. R. Civ. P. 9(b).  To state a claim, the complaint must appraise each defendant of its alleged role in harming the Plaintiffs. *Colson v. City of Alcoa, Tennessee*, 3:16-CV-377, 2017 WL 1730911, at *4 (E.D. Tenn. May 2, 2017)(finding that "indiscriminately" pooling all defendants into counts and not levying allegations against the individual defendants is a "haphazard style of pleading" that is generally grounds for dismissal).

Here, the Complaint is devoid of any specific allegations against GOA.  While the Complaint pleads that it will refer to GOA as the "Owners Association," no allegation explains how GOA—the "Owners Association" —contributed to the claimed harm.  *See* Compl. ¶¶ 7-8. Instead, the Complaint pleads "it is unclear to the Plaintiffs whether the Defendants employees are also employees of one or more of the other Defendants and/or vice versa.  Therefore, Plaintiffs will refer to all Defendants jointly as 'Westgate.'" *Id.* at ¶ 12. Through this impermissible group pleading, Plaintiffs attempt to bring into this lawsuit an entity that does not

11

sell timeshares and was not involved in the sales presentation at issue in this case. (Declaration of Willman, Exhibit 1 to Defendants' Motion, ¶ 8). In each cause of action, Plaintiffs fail to assert a claim against GOA.

The claims under the Time-Share Act, as well as the claims for fraud and misrepresentations alleged in counts 2 through 4, are predicated on alleged misrepresentations and fraudulent statements made during the sales presentation by sales agents. Compl. ¶¶ 54, 62, 78, 93. Plaintiffs contend that "Westgate is vicariously liable" for the agents' allegedly false statements, but provides no factual basis from which to surmise such agency relationship. Compl. ¶¶ 58, 69, 82, 124. Instead of providing facts that support this claim, Plaintiffs simply plead the "[i]t is unclear" to them whether the sales agents are "employees of one or more of the other Defendants" and claim with no factual support that "Defendants are the alter ego of other certain Defendants." Compl. ¶¶ 12-13. Plaintiffs have alleged no facts to support their vicarious liability claim and, as such, have failed to state a claim against GOA for the acts of the sales agents.

In addition, the fraud-based claims must be plead with "particularity," and simply alleging that Plaintiffs are "uncertain" of the facts supporting the existence of the agency relationship is not enough to meet Rule 9's pleading requirements. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001)("Plaintiffs may not simply rely on the proposition that Defendants ***must have known or should have known of, and participated in, the fraud***. Generalized and conclusory allegations that the Defendants' conduct was fraudulent do not satisfy Rule 9(b).")(emphasis added); *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1010 (8th Cir. 2015)(explaining that Rule 9's heightened pleading standard

12

"deters the use of complaints as a pretext for fishing expeditions of unknown wrongs designed to compel *in terrorem* settlements").

In the fifth and sixth causes of action, Plaintiffs seek termination of the Contract for Purchase and Sale. These counts do not plead viable causes of action against GOA. GOA is not a party to the Contract for Purchase and Sale between Plaintiffs and Westgate Resorts, Ltd., and the Complaint does not allege otherwise. (*See* Contract for Purchase and Sale, attached as Exhibit A to the Declaration of Willman (Exhibit 1 to Defendants' Motion); Complaint). The Complaint does not allege the breach of any duty owed by GOA to Plaintiffs and does not allege the breach of any contractual obligation between GOA and Plaintiffs. As such, Plaintiffs cannot assert these causes of action against GOA.

In the last cause of action, Plaintiffs attempt to hold GOA liable for allegedly conspiring to "defraud[] consumers in the purchase of timeshare properties". Compl. ¶ 151. Plaintiffs fail to state a claim for civil conspiracy for two main reasons. First, Plaintiffs fail to plead "underlying wrongful conduct" to support this cause of action. *Campbell v. BNSF Ry. Co.*, 600 F.3d 667, 677 (6th Cir. 2010)("If the underlying wrongful conduct is found to be not actionable then the conspiracy claim must also fail."). Indeed, Plaintiffs' predicate their civil conspiracy claim on the misstatements and omission that give rise to the fraud-based and breach of contract claims. As explained above, the fraud-based claims are tied to GOA through an unspecified and conclusory claim of vicarious liability. The contract claims are not viable because GOA was not a party to the contract. Because the underlying causes of action are not viable against GOA, Plaintiff cannot state an actionable civil conspiracy claim against this entity.

The civil conspiracy claim fails to state a claim, not only by Plaintiffs' failure to plead

13

4304544.1

Case 3:19-cv-00079-RLJ-HBG   Document 18   Filed 04/11/19   Page 13 of 18   PageID #: 483

that GOA engaged in any underlying wrongful conduct, but also by its failure to plead facts proving the elements of the cause of action. Under Tennessee law, to state a plausible claim of relief for a civil conspiracy, it must be shown "that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Mettetal v. Vanderbilt Univ., Legal Dept.*, 147 Fed. Appx. 577, 585 (6th Cir. 2005). The elements of this cause of action must be plead with "specificity" as "[c]onclusory allegations . . . will not be sufficient to state such a claim." *Childs v. United Cmty. Bank*, 3:08-CV-271, 2009 WL 2244634, at *3 (E.D. Tenn. July 24, 2009)(asserting the standard to plead civil conspiracy under Tennessee law). Here, Plaintiffs solely assert in conclusory fashion that "Defendants," including GOA, "agreed to join a conspiracy related to defrauding consumers" and committed "overt acts to further" the conspiracy. Compl. ¶ 153. Plaintiffs, however, fail to identify any such "overt acts" attributable to GOA and omit any facts supporting the conclusion that Defendants indeed had a "single plan" to defraud consumers. Plaintiffs' reliance on conclusory allegations does not satisfy Rule 8's notice pleading requirements. For these reasons, the Complaint fails to state a claim against GOA upon which relief can be granted and should be dismissed with prejudice as to GOA. *See* Fed. R. Civ. P. 12(b)(6).

**D. Plaintiffs' Complaint should be dismissed pursuant to the forum-selection clause contained in the Contract for Purchase and Sale or, in the alternative, transferred to the United States District Court for the Middle District of Florida.**

Ultimately, the Contract's forum-selection clause requires that the Complaint be dismissed or transferred to the Middle District of Florida. In this case, where the Court is exercising diversity jurisdiction, "the enforceability of [a] forum selection clause is governed by

14

4304544.1

Case 3:19-cv-00079-RLJ-HBG Document 18 Filed 04/11/19 Page 14 of 18 PageID #: 484

federal law." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). A "forum selection clause should be upheld absent a strong showing that it should be set aside." *Id.* (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)). The following factors are to be considered when evaluating the enforceability of a forum selection clause "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong*, 589 F.3d at 828 (citing *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999)). The burden of showing that the forum-selection clause should not be enforced rests with the party opposing its enforcement. *Id.* at 827.

With respect to the first factor, "general claims of fraud will not invalidate a forum selection clause; rather, the challenging party must allege 'fraud in the inclusion of the clause itself.'" *Mallory v. Am. Mgmt. Assoc. Int'l, et al.*, No. 3:13-CV-379, 2014 WL 12676180, at *5 (E.D. Tenn. May 19, 2014) (citing *Jenkins v. Marvel*, 683 F. Supp. 2d 626, 634 (E.D. Tenn. 2010)). Further, the "fact that 'Plaintiff is an individual and [Defendant] is a company with greater economic power does not, by itself, provide a basis for finding abuse.'" *Id.*

Here, Plaintiffs fail to state a valid basis to avoid the forum-selection clause in the contract they executed. Indeed, the Complaint does not contain allegations that overcome the presumption of the clause's enforceability. The Complaint does not plead that the clause itself was obtained through "fraud, duress, or other unconscionable means." *Wong*, 589 F. 3d at 828. To defeat the forum-selection clause, it is not enough to plead that the contract in general was the result of fraud. Only fraud directed at the inclusion of the clause in the contract will nullify the

15

4304544.1

forum-selection clause. *See Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1138 (6th Cir. 1991)("As this court has stated, there must be a well-founded claim of fraud in the inducement of the clause itself, ***standing apart from the whole agreement***, to render an arbitration clause unenforceable.")(emphasis supplied). Not only does the Complaint fail to allege that the clause was procured through fraud, it also fails to assert that the designated forum would not handle this lawsuit "ineffectively or unfairly." *Wong*, 589 F.3d at 828. The Complaint contains no allegation supporting the contention that the District Court for the Middle District of Florida could not effectively handle this lawsuit as such argument would not be tenable. This lawsuit purports to plead claims of fraud and misrepresentation, which are routinely addressed in Federal Courts.

Lastly, the designated forum is not "seriously inconvenient" to the Plaintiffs. *Wong*, 589 F.3d at 828. The Complaint alleges that Plaintiffs are residents of Georgia (Complaint, ¶ 1). Traveling to Florida to litigate this dispute presents no more of an inconvenience than traveling to Tennessee. Plaintiffs simply cannot demonstrate that the United States District Court for the Middle District of Florida would be more "inconvenient" than the United States District Court for the Eastern District of Tennessee for litigating Plaintiffs' claims. Accordingly, the Complaint should be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

In the alternative, pursuant to the forum-selection clause, the Complaint should be transferred to the United States District Court for the Middle District of Florida. The Federal venue statute is the proper vehicle to authorize a transfer pursuant to a forum-selection clause. *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013)(noting that § 1404(a) is "the appropriate provision to enforce the forum-selection

16

clause").[5] Although the decision to transfer a case typically hinges on multiple factors, "[t]he calculus changes when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Id*. at 62. Where the contract contains a valid forum-selection clause, the court should "ordinarily transfer the case to the forum specified in that clause." *Id*. "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.*

Here, as in *Atlantic Marine*, no "extraordinary circumstances" exist warranting denial of the motion to transfer. This case presents no novel issues that preclude enforcement of the forum-selection clause. Instead, this lawsuit stems from Plaintiffs desire to terminate a contract based on purported claims of fraud. Because "the interest of justice is served by holding parties to their bargain," the Court should transfer this case to the United States District Court for the Middle District of Florida. *Id.* at 66.

### III. CONCLUSION

For the foregoing reasons, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6). In the alternative, Plaintiffs' Complaint should be transferred to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).

---

[5] This Court has found that "arguments regarding the Parties' alleged exclusive forum selection clause should be addressed either through a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or through a motion to transfer venue under 28 U.S.C. § 1404(a)." *Branch v. Mays*, No. 3:16-cv-249, 2017 WL 3209461, at *1 (E.D. Tenn. Feb. 17, 2017) (citation omitted).

17

## CERTIFICATION OF DEFENDANTS' COUNSEL

Undersigned counsel certifies that, pursuant to this Court's Order entered on March 11, 2019, [Doc. 6], counsel for Defendants conferred with Plaintiffs' counsel on March 19, 2019, as to whether the defects in the Complaint alleged by Defendants can be cured by permissible amendment. Counsel were unable to agree at that time that the Complaint is curable by permissible amendment.

Respectfully submitted this 11th day of April, 2019.

> WOOLF, McCLANE, BRIGHT,
>   ALLEN & CARPENTER, PLLC
>
> By: s/Robert L. Vance
>   Robert L. Vance (BPR #021733)
>   Gregory C. Logue (BPR #012157)
>   Post Office Box 900
>   Knoxville, Tennessee 37901-0900
>   (865) 215-1000
>   bvance@wmbac.com
>   glogue@wmbac.com
> *Attorneys for Defendants, Westgate Resorts, Ltd., LP a/k/a Westgate Resorts, Ltd., Westgate Resorts, Inc., Westgate Smoky Mountain Resort at Gatlinburg Owners Association, Inc., Mike Lewis and Glenn Brown*

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Aubrey Givens, Esq.
231 W. Old Hickory Blvd.
Second Floor, Ste. B
Madison, TN 37115

> s/Robert L. Vance

18

4304544.1

Case 3:19-cv-00079-RLJ-HBG   Document 18   Filed 04/11/19   Page 18 of 18   PageID #: 488